**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STEELWORKERS OF AMERICA, LOCAL 12431-01<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN UNION COMPANY D/B/A NEW ENGLAND GAS CO.<br><br>Defendant. | : | C.A. No. |

**NOTICE OF REMOVAL**

To: Clerk's Office, United States District Court
District of Rhode Island
John O. Pastore Federal Building
Two Exchange Terrace
Providence, RI 02903

Clerk, Rhode Island Superior Court
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

Richard M. Peirce
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street – 8th Floor
Providence, RI 02903

Defendant Southern Union Company d/b/a New England Gas Company ("New England Gas") gives notice pursuant to 28 U.S.C. § 1446 that it hereby removes the case presently pending in the Rhode Island Superior Court, entitled United Steelworkers of America v. Southern Union Co. d/b/a The New England Gas Co., C.A. No. PM No.05-4742 ("State Court Action"), to the United States District Court for the District of Rhode Island. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed

with the Clerk of the Rhode Island Superior Court pursuant to the Notice of Filing of Notice of Removal attached hereto as **Exhibit 1**, and a copy of this Notice of Removal will be served upon counsel for the Plaintiff.

This case was commenced on or about September 12, 2005, in the Rhode Island Superior Court. The Plaintiff United Steelworkers of America, Local 12431-01 ("Union") filed a miscellaneous petition to confirm an arbitration award concerning an alleged violation of the applicable collective bargaining agreement. Defendant New England Gas received a copy of the Motion to Confirm Arbitration Award by mail on or about September 13, 2005. A copy of the Motion to Confirm Arbitration Award is attached as **Exhibit 2.**[1] Thus, the time within which Defendant may remove the action pursuant to 28 U.S.C. § 1446 to the United States District Court for the District of Rhode Island has not yet expired.

Removal is authorized in this case by 28 U.S.C. §§ 1441 and 1331 and is based on the District Court's original jurisdiction of the claims arising under the laws of the United States. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 and the State Court action is removable under the provisions of 28 U.S.C. § 1441(a) because Plaintiff filed a motion to confirm a labor arbitration award, which confers original jurisdiction on this Court under 29 U.S.C. § 185.

I. Removal Is Appropriate Because This Court Has Jurisdiction Over Plaintiff's Petition To Confirm An Arbitration Award Under Section 301 Of The Labor Management Relations Act, 29 U.S.C. § 185

It is well established that federal courts have jurisdiction to confirm or vacate a labor arbitration award pursuant to § 301 of the Labor Management Relations Act, 29

[1] Certified copies of the State court docket sheet and the State court records and proceedings will be filed within 10 days in accordance with Local Rule 36.

U.S.C. § 185. See Gen. Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co. Inc., 372 U.S. 517, 519 (1963) (stating that "if the award at bar is the parties' chosen instrument for the definitive settlement of grievances under the Agreement, it is enforceable under § 301"); see also Boston Celtics Ltd. P'ship v. Shaw, 908 F.2d 1041, 1044 (1st Cir. 1990) (acknowledging that the federal district court has authority to enforce the arbitration award under § 301 of the LMRA).

Accordingly, a state court petition to confirm or vacate an arbitration award may be removed to federal court because the claim at issue arises under a federal statute – specifically, 29 U.S.C. § 185. See Kallen v. District 1199, Nat'l Union of Hosp. Employees, 574 F.2d 723, 725 (2nd Cir. 1978) (affirming denial of a remand to state court on the basis that "federal courts indisputably have jurisdiction under section 301 to enforce [or vacate] a labor arbitration award"); see also Int'l Assoc of Bridge, Structural & Ornamental Iron Workers v. Burtman Iron Works, Inc., 928 F.Supp. 83, 85 (D.Mass. 1996) (acknowledging that a motion to confirm an arbitration award initially filed in state court was properly removed to federal court based on the federal "court's jurisdiction over enforcement of collective bargaining agreements under section 301 of the [LMRA]").

Here, the arbitrator issued a final and binding labor arbitration award concerning a dispute under the collective bargaining agreement to which both the Plaintiff Union and New England Gas are signatories. The Plaintiff Union has since moved to confirm that award in the Rhode Island Superior Court. Removal is appropriate because this Court has original jurisdiction, under 29 U.S.C. § 185, to confirm or vacate the arbitration award.

For the reasons set forth above, removal of this action is authorized under 28 U.S.C. §§ 1441 and 1331.

Dated: Providence, Rhode Island
September 23, 2005

Respectfully Submitted,

SOUTHERN UNION COMPANY
D/B/A NEW ENGLAND GAS, CO.
By its attorneys,

ROBERT P. BROOKS (#3721)
MICHAEL D. CHITTICK (#5967)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within Notice of Removal was hand-delivered to the following on this 23rd day of September 2005:

Richard M. Peirce, Esq.
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street, 8th Floor
Providence, RI 02903

*346433_1.doc*