RMP:JAM – 275655
201-151 (9/7/05)

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**UNITED STEELWORKERS OF AMERICA,**
**LOCAL 12431-01**

**VS.**

**PMP NO. 05-** 4792

**SOUTHERN UNION COMPANY D/B/A**
**THE NEW ENGLAND GAS COMPANY**

## MOTION TO CONFIRM ARBITRATION AWARD

## I. NATURE OF THE MATTER

This is a motion to confirm an arbitration award rendered by arbitrator Mark L. Irvings dated August 19, 2005 resolving certain disputes between the United Steelworkers of America, Local 12431-01 ("Unon") and the Southern Union Company d/b/a the New England Gas Company ("Company").

## II. THE PARTIES

1. The movant, United Steelworkers of America, Local 12431-01, is a labor organization and is the sole collective bargaining agent with respect to rates of pay, wages, hours of employment and conditions of employment for the production plant, distribution department, meter readers (including collectors), customer service, and main office building maintenance employees of the Company, but excluding executives, supervisors, retirement employees and confidential clerks.

2. The respondent, the Southern Union Company d/b/a the New England Gas Company, is a Delaware Corporation registered to do business in Rhode Island with offices and facilities located in Providence, Rhode Island.

## III. FACTUAL ALLEGATIONS.

3. The Union and the Company are parties to a collective bargaining agreement ("the CBA"), the term of which runs from May 24, 2002 through May 28, 2007. A copy of the CBA is attached as **Exhibit A.**

4. Various disputes arose between the Union and the Company with regard to the Company's utilization of so-called Construction Inspectors from Sargis Associates, Inc. during the 2004 construction season.

5. Article XVIII of The CBA establishes a procedure for the resolution of grievances and requires that "whenever any dispute shall arise as to the meaning or application of the provisions of this Agreement, the same shall be settled" in accord with the grievance procedure.

6. Article XVIII of the CBA provides that if a grievance is not resolved within the first three steps of the grievance process "The dispute shall be referred, at the request of either party, to an arbitrator selected pursuant to the Labor Relations Connection…."

7. Section 3 of Article XVIII of the CBA provides that "It is agreed that the settlement of any dispute at any stage of the foregoing procedure or the decision of the arbitrator on any such dispute shall be final and binding upon all parties concerned." (emphasis added).

8. On or about April 13, 2004 the Union filed a grievance in connection with the Company's utilization of so-called Construction Inspectors from Sargis Associates, Inc.

9. After the first three steps of the grievance procedure failed to resolve the dispute, the Union filed a demand for arbitration with the Labor Relations Connection.

10. Hearings were held before Arbitrator Mark L. Irvings on March 28 and June 16, 2005. The parties, through counsel, submitted post hearing briefs by August 1, 2005.

11. The Arbitrator rendered his Opinion and Award on August 19, 2005. A copy of that award is attached as **Exhibit B.**

12. The arbitrator's award provides:

> The Company violated the collective bargaining agreement when it utilized inspectors from Sargis Associates, Inc. during the 2004 construction season. The Company should have followed the provisions of Article XI, § 3 and Article IV § 3 and either filled the positions as temporary assignments or by hiring temporary employees for up to six months.

The Union moves pursuant to Section 28-9-17 of the Rhode Island General Laws for an order confirming the above-referenced award and for entry of judgment on the award pursuant to Sections 28-9-22 and 28-9-23 of the Rhode Island General Laws.

Respectfully submitted,

UNITED STEELWORKERS OF AMERICA
LOCAL 12431
By Their Attorneys,

Richard M. Peirce (#0564)
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street - 8th Floor
Providence, RI 02903
(401) 521-7000
Fax (401) 521-1328

**CERTIFICATION**

I hereby certify that on September 12, 2005, I caused to be mailed via First Class Certified Mail a true copy of the within to the following:

Robert P. Brooks, Esq.
Adler Pollock & Sheehan
2300 Financial Plaza
Providence, RI 02903-2443

Patricia A. Porto